UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA FREEMAN, an individual,

    Plaintiff,

v.

LAUREN CHALAS, an individual,

    Defendant.

Civil Action No. 2:24-cv-02038

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND NO UNFAIR COMPETITION**

Plaintiff Laura Freeman (hereinafter "Freeman") for her complaint against Defendant Lauren Chalas (hereinafter "Chalas"), alleges as follows.

**THE PARTIES**

1. Plaintiff Freeman is an individual residing at 183 August Rd. Onalaska, WA 98570.

2. On information and belief, Defendant Chalas is an individual residing at 4 Muster Field, Plymouth, MA 02360.

**JURISDICTION AND VENUE**

3. This civil action arises under the Federal Unfair Competition Laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; the Federal Trademark Laws of the United States, 15 U.S.C. § 1114 [Lanham Act § 32]; M.G.L. 93A § 2 (Massachusetts General Laws); and

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 1

Bamert Regan
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

940 C.M.R. § 3.02 (Code of Massachusetts Regulations). Thus, this Court has jurisdiction of this declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 (declaratory judgment actions); Additionally, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. This court also has subject matter jurisdiction of this civil action under 28 U.S.C. § 1331, as the claim arises under laws of the United States.

5. This court also has subject matter jurisdiction of this civil action under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and is between citizens of different States.

6. Personal jurisdiction over Defendant Chalas is proper in this District because Defendant Chalas has availed herself of the rights and benefits of the laws of Washington and has conducted business activities relating to enforcement of her rights under her trademark in Washington. Further, personal jurisdiction is properly exercised in this District over Defendant Chalas under Washington's Long-Arm Statute, RCW § 4.28.185(a) (transaction of business) and (c) (use of property), because, on information and belief, Defendant Chalas has sent multiple demand letters to Plaintiff Freeman and her distributors (one being a distributor that is located in Washington), which, in totality, asserted copyright infringement, trademark infringement, and unfair competition, demanded that Plaintiff Freeman and her distributors cease use and destroy unsold product, and threatened legal action if her demands were not complied with. As a result of these demand letters, Plaintiff Freeman and, at least one of her Washington distributors, Gallery Boom, ceased sales of accused products in Washington. Personal jurisdiction is also properly exercised over Defendant Chalas in this District because Defendant Chalas initiated takedown proceedings to remove Plaintiff Freeman's, as well as her Washington distributors', products from online retail listings. These demand letters and takedown proceedings have a direct impact on Washington businesses, consumers, and marketplaces.

7. Further, Plaintiff Freeman is in immediate jeopardy of a civil action here in the Western District of Washington for allegedly and for potentially violating 15 U.S.C. § 1125(a), M.G.L. 93A § 2, and 940 C.M.R. § 3.02 because Defendant Chalas separately initiated a copyright

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 2

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

infringement action at the Copyright Claims Board against Plaintiff Freeman and one of her distributors, Forager Vintage LLC, regarding the same design that is the subject to this action (action against Forager Vintage LLC was dismissed due to Defendant Chalas's failure to state a claim). Therefore, Defendant Chalas's threats of litigation are immediate and real.

8. Venue with respect to the Defendant Chalas is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) (judicial district in which a substantial part of the events or omissions giving rise to the claim occurred).

**FACTS COMMON TO ALL COUNTS**

9. Plaintiff Freeman is a Washington-local artist and designer of all sorts of artwork and accessories, such as pins, stickers, and keychains that feature different animals, including slugs and snails.

10. Plaintiff Freeman owns a small business and sells her goods via www.Etsy.com and various distributors (Gallery Boom and Forager Vintage LLC).

11. Plaintiff Freeman sells her products under the trademark "Thruhalia."

12. Plaintiff Freeman's art studio is located in the Western District of Washington.

13. Among many products that Plaintiff Freeman offered for purchase were a pin and a sticker, incorporating an image of a traveling snail holding a bindle (the "Accused Products"). Plaintiff Freeman has been selling the Accused Products since as early as January 25, 2021. A true and accurate representation of the Accused Products is appended hereto as Exhibit 1.

14. The Accused Products are expressive works because they are works of authorship within the meaning of 17 U.S.C. Sec. 102 and are eligible for copyright protection.

15. The Accused Products are expressive works because they have a predominately expressive purpose.

16. The Accused Products express the message of a traveling, homeless snail that is trying to find its purpose in life and uncover its next exciting life chapter.

17. The designs employed on the Accused Products are not used by Plaintiff Freeman to indicate the source of the Accused Products.

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 3

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

18. The designs employed on the Accused Products have artistic relevance to the underlying work.

19. The designs employed on the Accused Products are not explicitly misleading.

20. Defendant Chalas owns a retail store, The Roving House Inc., operating under the trade name "The Roving House," where she sells enamel pins, as well as other products.

21. Defendant Chalas asserts that her logo for The Roving House Inc. is a word and design mark including the words "THE ROVING HOUSE" in stylized font, and below and in the foreground of the words is an artistic rendering of a snail carrying a bindle (hereinafter the "Asserted Mark"). A true and accurate copy of the Asserted Mark is appended hereto as Exhibit 2.

22. Defendant Chalas filed Federal Trademark Application No. 98/646133 for the Asserted Mark on July 12, 2024, which is appended hereto as Exhibit 3.

23. Defendant Chalas offers for sale and sells pins that are three dimensional representations of the Asserted Mark.

24. Defendant Chalas asserts that she uses the Asserted Mark on enamel pins that are sold in interstate commerce.

25. On February 23, 2024, and August 21, 2024, Plaintiff Freeman received a demand letter from Defendant Chalas, which accused Plaintiff Freeman of infringing the Asserted Mark, demanded Plaintiff Freeman to cease use of the Accused Products and demanded that Plaintiff Freeman destroy all unsold merchandise. Further, Defendant Chalas threatened to commence legal action against Plaintiff Freeman if Plaintiff Freeman did not comply with Defendant Chalas's demands. A true and accurate copy of the February 23, 2024, and August 21, 2024, demand letters are appended hereto as Exhibit 4.

26. On February 23, 2024, Plaintiff Freeman responded to Defendant Chalas's initial February 23, 2024, letter and stated that Plaintiff Freeman ceased distributing the Accused Products and contacted her distributors to do the same.

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 4

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

27. As a result of the February 23, 2024, demand letter, Plaintiff Freeman ceased use and stopped selling the Accused Products.

28. Plaintiff Freeman's lost sales of her Accused Products are projected to be in excess of $75,000.

29. Gallery Boom is one of Plaintiff Freeman's distributors that is located in Olympia, Washington and, before receiving and complying with a demand letter received by Defendant Chalas, sold the Accused Products.

30. On February 23, 2024, Gallery Boom received a demand letter from Defendant Chalas, which accused Gallery Boom of infringing the Asserted Mark, demanded Gallery Boom to cease selling the Accused Products, and demanded that Gallery Boom destroy all unsold merchandise. Further, Defendant Chalas threatened to commence legal action against Gallery Boom if Gallery Boom did not comply with Defendant Chalas's demands. A true and accurate copy of the February 23, 2024, demand letter is appended hereto as Exhibit 5.

31. As a result of the February 23, 2024, demand letter, Gallery Boom ceased use and stopped selling the Accused Products.

32. Forager Vintage LLC is one of Plaintiff Freeman's distributors that is located in Oregon and sold the Accused Products.

33. On information and belief, Forager Vintage LLC also ships and sells the Accused Products to consumers in Washington.

34. On March 14, 2024, Forager Vintage LLC received a demand letter from Defendant Chalas, which accused Forager Vintage LLC of infringing the Asserted Mark, demanded Forager Vintage LLC to cease selling the Accused Products, and demanded that Forager Vintage LLC destroy all unsold merchandise. Further, Defendant Chalas threatened to commence legal action against Forager Vintage LLC if Forager Vintage LLC did not comply with Defendant Chalas's demands. A true and accurate copy of the March 14, 2024, demand letter is appended hereto as Exhibit 6.

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 5

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

35. Defendant Chalas also initiated multiple DMCA (Digital Millennium Copyright Act) takedown notice proceedings against Plaintiff Freeman and her distributors, as described below:

   a. On February 22, 2024, Defendant Chalas initiated a DMCA takedown notice proceeding with Etsy to remove Plaintiff Freeman's listing of goods for the Accused Products on www.Etsy.com. As a result, Etsy removed multiple retail listings that Plaintiff Freeman was selling of goods for the Accused Products. A true and accurate copy of Defendant Chalas's confirmation of this Etsy DMCA takedown notice is appended hereto as Exhibit 7.

   b. On February 22, 2024, Defendant Chalas initiated a DMCA takedown notice proceeding with Shopify to remove Gallery Boom's listings of goods for the Accused Products on www.galleryboomshop.com. As a result, Shopify removed multiple retail listings that Gallery Boom was selling of the Accused Products. A true and accurate copy of Defendant Chalas's confirmation of this Shopify DMCA takedown notice is appended hereto as Exhibit 8.

   c. On February 22, 2024, Defendant Chalas initiated another DMCA takedown notice proceeding with Shopify to remove Forager Vintage LLC's listings of goods for the Accused Products on www.foragervintage.com. As a result, Shopify removed multiple retail listings that Forager Vintage LLC was selling of the Accused Products. A true and accurate copy of Defendant Chalas's confirmation of this second Shopify DMCA takedown notice is appended hereto as Exhibit 9.

36. On February 26, 2024, Defendant Chalas initiated a copyright infringement action at the Copyright Claims Board against Plaintiff Freeman regarding the same design that is subject to this action (*Chalas v. Freeman*, 24-CCB-0060). That action is currently pending and has not yet been resolved. This pending action at the Copyright Claims Board has a direct effect on businesses located in Washington.

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 6

Bamert Regan
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

37. On March 15, 2024, Defendant Chalas initiated a copyright infringement action at the Copyright Claims Board against Forager Vintage LLC, one of Plaintiff Freeman's distributors, regarding the same design that is subject to this action (*Chalas v. Forager Vintage LLC*, 24-CCB-0089). The Copyright Claims Board dismissed that action in favor of Forager Vintage LLC due to Defendant Chalas's failure to state a claim. That action at the Copyright Claims Board had a direct effect on businesses located in Washington.

38. Defendant Chalas's legal proceeding against Plaintiff Freeman and her distributor for the Accused Products at the Copyright Claims Board creates an immediacy and reality to Defendant Chalas's threats of litigation in regard to trademark law and unfair competition.

39. Defendant Chalas is unable to bring a claim against Plaintiff Freeman in Massachusetts because Massachusetts courts lack specific and/or general personal jurisdiction over Plaintiff Freeman because Plaintiff Freeman has not targeted Massachusetts, sold any Accused Products to consumers within Massachusetts, or has any contacts with Massachusetts. Thus, any legal actions Defendant Chalas wishes to initiate against Plaintiff Freeman would have to be brought in Washington.

40. The multiple demand letters sent to Plaintiff Freeman and her distributors, the multiple DMCA takedown proceedings initiated by Defendant Chalas, and the pending claim at the Copyright Claims Board against Plaintiff Freeman give rise to sufficient immediacy, reality, and a case or controversy such that there is an actual controversy between Plaintiff Freeman and Defendant Chalas as to whether Plaintiff Freeman's conduct constitutes trademark infringement and/or unfair competition under the Lanham Act, unfair competition under M.G.L. 93A § 2, and false advertising under 940 C.M.R. § 3.02.

41. In view of Defendant Chalas's threats and allegations, Plaintiff Freeman is entitled to a judicial declaration that Plaintiff Freeman's conduct does not infringe Defendant Chalas's alleged trademark rights in the Asserted Mark or constitute federal unfair competition, that Plaintiff Freeman is not committing unfair competition under M.G.L. 93A § 2, and that Plaintiff Freeman is not committing false advertising under 940 C.M.R. § 3.02. Absent a declaration to this

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 7

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

effect, Defendant Chalas will continue to wrongfully allege that Plaintiff Freeman's Accused Products infringe Defendant's alleged trademark rights, or are in violation of Massachusetts law, thereby causing Plaintiff Freeman irreparable injury and damage.

42. A judicial declaration is necessary and appropriate so that Plaintiff Freeman may ascertain her rights to continue selling the Accused Products.

## CLAIM FOR RELIEF, COUNT I

### Declaration of No Trademark Infringement

43. Plaintiff Freeman repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

44. Plaintiff Freeman's Accused Products are substantially different in external appearance to Defendant Chalas's Asserted Mark and thus are not likely to cause consumer confusion as to source, sponsorship or affiliation.

45. Consumers are unlikely to be confused as to the affiliation, connection, or association with Defendant Chalas, and to purchase enamel pins or stickers from Plaintiff Freeman believing that they originated with Defendant Chalas, were approved of by Defendant Chalas, or were sponsored by Defendant Chalas because Plaintiff Freeman's Accused Products do not act as trademarks to indicate the source of goods. Rather, Plaintiff Freeman's Accused Products are aesthetically appealing in a manner that does not mislead consumers as to their source, affiliation, or sponsorship. Therefore, Plaintiff Freeman's conduct in relation to the Accused Products does not violate state or federal unfair competition under M.G.L. 93A § 2 or 15 U.S.C. § 1125.

46. Plaintiff Freeman's non-trademark use of the Accused Products does not give rise to any likelihood of confusion over the source of Plaintiff Freeman's goods.

47. On information and belief, there has been no actual confusion between the Accused Products and the Asserted Mark.

48. Plaintiff Freeman only advertises her goods as originating from "Thruhalia," which is the trademark that Plaintiff Freeman sells her goods under.

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 8

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

49. Plaintiff Freeman was not aware of Defendant Chalas's trademark rights, or her company, before Plaintiff Freeman received the initial demand letter on February 22, 2024.

50. Plaintiff Freeman never intended for confusion to occur through her advertisements of the Accused Products.

51. By reason of said acts by Defendant Chalas, Plaintiff Freeman has been and may continue to be seriously damaged and irreparably harmed unless the Defendant Chalas is enjoined by this Court from sending further demand letters to Plaintiff Freeman and her distributors, and thus Plaintiff is without adequate remedy at law.

52. Plaintiff Freeman is entitled to a declaratory judgment that Plaintiff Freeman's Accused Products are not likely to cause consumer confusion and do not infringe any incipient trademark rights of Defendant Chalas under 15 U.S.C. § 1114(1)(a) because Plaintiff Freeman's Accused Products are not used as trademarks.

53. Plaintiff Freeman is entitled to a declaratory judgment that Plaintiff Freeman's Accused Products are not likely to cause consumer confusion and does not infringe any trademark rights of Defendant Chalas under 15 U.S.C. § 1125(a).

54. Further, Plaintiff Freeman is entitled to an award of damages, costs, and attorney's fees as allowable.

55. This is an exceptional case for purposes of awarding monetary damages, costs, and attorney's fees.

## CLAIM FOR RELIEF, COUNT II

### Declaration of No Violation of Massachusetts Law

56. Plaintiff Freeman repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

57. An actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff Freeman has not violated 940 C.M.R. § 3.02, because Plaintiff Freeman has not made a statement or illustration in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 9

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

of the Plaintiff Freeman's Accused Products, or which may otherwise misrepresent Plaintiff Freeman's goods in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from goods with the Asserted Mark to the Accused Products.

58. An actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff Freeman has not violated M.G.L. 93A § 2, because Plaintiff Freeman has not engaged in any unfair methods of competition, or any unfair or deceptive acts or practices in the conduct of trade or commerce.

59. Plaintiff Freeman is entitled to a declaratory judgment that Plaintiff Freeman has not violated and is not violating 940 C.M.R. § 3.02 or M.G.L. 93A § 2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Freeman prays for the entry of a judgment by this Court against Defendant Chalas providing:

(a) For a declaration that Plaintiff Freeman has not and is not engaging in unfair competition under 15 U.S.C. 1125(a);

(b) For a declaration that, in the event Defendant Chalas receives a federal registration for the Asserted Mark, Plaintiff Freeman has not and is not infringing Defendant Chalas's incipient rights in the Asserted Mark under 15 U.S.C. 1114(1)(a);

(c) For a declaration that Plaintiff Freeman has not and is not violating 940 C.M.R. § 3.02;

(d) For a declaration that Plaintiff Freeman has not and is not violating M.G.L. 93A § 2;

(e) That Defendant Chalas, her respective agents, servants, employees, attorneys and all other persons in active concert or in participation with Defendant Chalas be preliminarily and permanently enjoined and restrained from making any false statements regarding the Defendant Chalas's rights with respect to the Accused Products which are likely to deceive the public as to believing that they might be subject to suit in a civil action by virtue selling or offering to the Accused Products;

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 10

Bamert Regan
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020

(f) For a declaration that Plaintiff Freeman is the prevailing party and that this case is exceptional, and therefore awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

(g) Awarding Plaintiff Freeman all fees, expenses, and costs associated with this action; and

(h) For other and further relief as is provided by law and that this Court deems just and equitable.

Respectfully submitted on this 11th day of December, 2024.

BAMERT REGAN

s/ Michael J. Folise
Michael J. Folise, WSBA No. 15,276
Folise@BamertRegan.com
206.486.7024

*Counsel for Plaintiff Freeman*

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND NO UNFAIR COMPETITION - 11

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.486.7020